**CONTINENTAL CAN COMPANY, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 15223.

United States Court of Appeals Third Circuit.

Argued Sept. 21, 1965.

Decided Oct. 19, 1965.

W. S. Ryza, Chicago, Ill. (Charles J. Biddle, Drinker, Biddle & Reath, Philadelphia, Pa., James G. Davis, Pope, Ballard, Uriell, Kennedy, Shepard & Fowle, Chicago, Ill., on the brief), for petitioner.

Elliott Moore, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allen M. Hutter, Atty., N. L. R. B., on the brief), for respondent.

Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.

PER CURIAM.

This litigation is before us for the second time. In its first appearance here review was sought of the Board's order dismissing an unfair labor practice complaint based upon the then petitioner's charges that he and several other employees had been wrongfully discharged by the employer, the present petitioner. After the original hearing, the Trial Examiner concluded that the discharges involved were discriminatorily motivated. Those evidentiary findings were adopted by the Board but the latter concluded that the employees were discharged for fighting. The Board therefore dismissed the complaint of unfair labor practice against the employer. In our opinion, Greco v. N. L. R. B., et als., 331 F.2d 165, 166 (3 Cir. 1964), we found that the Examiner's findings of fact, adopted by the Board as to the circumstances surrounding the discharges, " * * * are based upon substantial evidence * * *." We held p. 169 that "In our view, these findings clearly preclude any inference that the employees were discharged for fighting. On the contrary, the mere recitation of them compels only one conclusion, that the discharges were discriminatorily motivated." We decided that, since the findings of fact adopted by the Board did not support its conclusion that the discharges were not discriminatory, its conclusion could not stand. The cause was remanded to the Board for further proceedings in conformity with our opinion.

The Board thereafter reconsidered the matter, vacated its original order and adopted "not only the findings, but also the conclusions and recommendations of the Trial Examiner". The proceedings are now before us on the petition of the employer to review the action of the Board in determining that the employer had discharged the employees in question because of their opposition to the union's leadership. As we held in our prior opinion and as we reiterate from our own current second examination of the record, the Board's findings in that regard are supported by substantial evidence on the whole case. That part of the Board's order concerning back pay, including the interest allowed, is well within its discretion.

The petition for review will be denied. The order of the Board will be enforced in full. A proposed decree may be submitted by the Board.